WETHERELL, J.,
concurring.
I concur in the per curiam opinion because it limits the scope of the trial court’s order to these specific cases and only until the end of the initial term of the contract on June 30, 2011. I write separately to make two additional points.
First, I understand the conundrum faced by the trial court because it has an obligation to ensure that its proceedings are properly recorded and that transcripts are prepared in a timely manner to facilitate appellate review by this court, but Respondent was apparently the only provider that responded to the chief judge’s solicitation for bids for an official court reporter and it is unwilling to provide these services at the uniform statewide rates. However, I find it hard to believe that there are no court reporters in the Fourth Judicial Circuit willing to provide court reporting services at the uniform statewide rates, and based on the Commission’s representation that “[ojther than the Fourth Judicial Circuit with its single provider model, there is no other circuit in which [the Commission] has been required to pay for all hearing and appellate transcripts at a rate in excess of the rates established by law,” it seems to me that the chief judge may have to reconsider having Respondent provide court reporting services in cases funded by the Commission or the chief judge may have to fund the costs in excess of the statutory rates in those cases. See §§ 29.007 (requiring the state to pay the “[reasonable court reporting and transcription services necessary to *1271 meet constitutional or statutory requirements” from state revenues) and 29.018, Fla. Stat. (2010) (authorizing cost-sharing agreements between the state court system and Commission for court reporting and other due process services funded by the state). Moreover, while I see no reason that the Commission could not assist the chief judge in identifying other court reporters willing to provide services at the statutory rates, I am unaware of any authority that would permit the Commission to secure an “official reporter” for the circuit court as implicitly required by the order under review.
Second, it seems to me that the Florida Supreme Court may need to revise Florida Rule of Judicial Administration 2.535 based on the recent amendments to Chapter 27, Florida Statutes. Thé rule requires the chief judge of each circuit to develop and implement a plan for court reporting services of all proceedings required to be reported at public expense and it also authorizes the chief judge “to adopt an administrative order establishing maximum fees for court reporting services.” Fla. R. Jud. Admin. 2.535(e), (h)(2). However, this language pre-dates the significant statutory changes made in 2007 and 2010 that make clear that the Legislature is responsible for setting the maximum rates for court reporting services. See Ch. 2007-62, Laws of Fla. (abolishing the local indigent services committees that had been responsible for establishing the fee schedule for court reporting and other due process services, but authorizing the chief judge of each circuit to recommend compensation rates for court reporting and other due process services to be included in the court system’s budget request) and Ch. 2010-162, Laws of Fla. (eliminating the language in section 27.425 authorizing the chief judge to recommend compensation rates and instead providing in that section and section 27.5305(3) that the maximum compensation rates will be established in the General Appropriations Act). These statutory changes call into question the chief judge’s authority under the rule to unilaterally select an official court reporter and agree to pay the reporter more than the uniform statewide rates established by the Legislature.